OPINION
{¶ 1} Appellant, William A. Wright Jr., appeals from the judgment of conviction and sentence entered in the Coshocton Municipal Court following a bench trial wherein the trial court found Appellant guilty of one count of Aggravated Menacing, in violation of R.C. 2903.21(A) and one count of Stalking, in violation of R.C. 2903.21.1.
 {¶ 2} On October 6, 2004, counsel for Appellant filed a brief, pursuant to Anders v. California (1967), 388 U.S. 924. On November 12, 2004, counsel for Appellant notified this Court that he had advised the Appellant in writing that he had filed a brief, pursuant to Anders v.California, supra. Counsel for Appellant indicated that the appeal was wholly frivolous; further advised, that he had notified Appellant of his right to file his own pro se merit brief; and requested that he be permitted to withdraw as counsel for Appellant. No pro se merit brief was filed.
 {¶ 3} When appointed counsel finds a case to be wholly frivolous, after conscientious examination of the record, counsel should so advise the Court and request permission to withdraw, supplying a brief referring to anything in the record that might arguably support the appeal.Anders, supra.
 {¶ 4} In the Anders brief, counsel asserts on Appellant's behalf, the following proposed assignment of error:
 I. {¶ 5} "The verdict is against the manifest weight of the evidence."
 {¶ 6} When reviewing a manifest weight of the evidence claim, an appellate court must examine the evidence presented, including all reasonable inferences that can be drawn from it, and consider the credibility of the witnesses to determine whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the decision must be reversed and a new trial ordered. State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52.
 {¶ 7} The weight to be given the evidence presented and the credibility of the witnesses are primarily matters for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The trier of fact's decision is owed deference since the trier of fact is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the testimony. State v.Swartsell, Butler App. No. CA2002-06-151, 2003-Ohio-4450, at 34, citing,Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80,461 N.E.2d 1273. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. State v. Shahan, Stark App. No. 2002CA00163, 2003-Ohio-852, at 24, citing C.E. Morris Co. v.Foley Construction (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.
 {¶ 8} The offenses of which Appellant was convicted are Aggravated Menacing, in violation of R.C. 2903.21(A) and Stalking, in violation of R.C. 2903.21.1(A)(1), both offenses are first degree misdemeanors. The statutes state, in pertinent part, as follows:
 {¶ 9} "No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of such other person or member of his immediate family." R.C. 2903.21(A).
 {¶ 10} "No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person * * *" R.C. 2903.21.1 (A)(1)
 {¶ 11} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. * * *." R.C. 2901.22(B).
 {¶ 12} A `pattern of conduct' means two or more actions or incidents closely related in time, whether or not there has been a prior conviction based on any of those actions or incidents. * * *" R.C. 2903.21.1(D)(1)
 {¶ 13} "`Mental distress' means any of the following:
 {¶ 14} Any mental distress or condition that involves some temporary or substantial incapacity.
 {¶ 15} Any mental illness or condition that would normally require psychiatric treatment, psychological treatment, or other mental services, whether or not any person requested or received psychiatric treatment, psychological treatment, or other mental health services." R.C. 2903.21.1(D)(2)(a); R.C. 2903.21.1(D)(2)(b).
 {¶ 16} During the trial, Brinda Kistler testified that she became friends with the Appellant in 2001. She thereafter attempted to end the relationship in December of 2003, and told the Appellant to stop coming to her home. In January of 2004, the Appellant told Kistler that she had better find time for him or he would slice her throat, rape her daughter and kill her friends. Kistler testified that from January until May of 2004, Appellant would repeatedly visit her home, telephone and often threatened to kill her. During this same period of time, Kistler filed a civil protection order, incident reports with the local sheriff's department, and requested that a letter be sent by the prosecutor to the Appellant advising him to stop his threatening behaviors and stay away from her residence. Kistler testified that she was scared, believed that Appellant was going to cause her serious physical harm, and sought the help of a counselor for emotional distress. Kistler further testified that on May 3, 2004, the Appellant came to her home, ran onto her porch, repeatedly threatening to kill her, slammed his body into her, and fell through her screen door. Other State's witnesses corroborated Appellant's presence at Kistler's residence and observed her genuine fear for her own safety, as well as the safety of her daughter and her friends. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the fact finder, who has seen and heard the witness. State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288.
 {¶ 17} In the instant case, we have examined the entire record, and agree with counsel for Appellant, that the appeal is frivolous. We find nothing in the record before us that would suggest that Appellant was denied a fair trial. We find that there is competent, credible evidence to support the trial court's verdict that Appellant knowingly engaged in a single incident of conduct on May 3, 2004, as well as in a pattern of conduct from January to May of 2004, which caused Kistler to believe that she, her daughter and her friends could suffer serious physical harm, and that as a result of Appellant's threatening behaviors, Kistler suffered emotional distress. We, therefore, conclude that the judgment of the trial court is not against the manifest weight of the evidence.
 {¶ 18} Accordingly, we hereby overrule Appellant's sole assignment of error and affirm the judgment of conviction and sentence entered in the Coshocton Municipal Court.
 {¶ 19} Attorney Terrence J. Baxter's Motion to Withdraw as Counsel for Appellant is hereby granted.
Gwin, P.J., Edward, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of conviction and sentence of the Coshocton Municipal Court is affirmed. Costs taxed to Appellant.